THE EQUITABLE LIFE INS. CO. v. WRIGHT ET AL.

1. **Fraud:** TAX SALE: MORTGAGE. Facts considered and held not to show a fraudulent agreement between a mortgagor and the purchaser of a tax title upon the mortgaged property to defeat the lien of the mortgage.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 21.

ACTION in chancery to foreclose a mortgage executed by defendant Wright. Butler claims the property under a tax title. A judgment was rendered against Wright for the amount due on the mortgage, but no foreclosure was had thereon, the court holding that Butler's tax title divested plaintiff's mortgage lien. Plaintiff appeals.

*St. John & Williams*, for appellant.

*Nourse, Kauffman & Jackson*, for appellee.

Beck, J.—I. No questions arise involving the sufficiency of the mortgage, or the regularity of the proceedings upon which the tax sale was had. The tax title held by Butler is assailed on the ground that in his hands it is fraudulent, and is void as to plaintiff. The petition alleges that the tax sale was made to one Smith, and that Wright. paid to Smith the amount required for redemption, and caused the tax sale certificate to be assigned to Butler, to whom a tax deed was made, all of which was done to defraud plaintiff. It is further alleged that in pursuance of this fraudulent purpose Wright afterwards conveyed the property to Butler by quit-claim deed. An amended petition alleges that Butler, with notice of plaintiff's mortgage, advanced the money paid in the procurement of the assignment of the tax sale certificate to him, under an agreement with Wright that he would not redeem. The defendant Butler denies all allegations of the petition charging fraud.

II. We think the evidence fails to establish a fraudulent intention on the part of Butler to acquire the tax title and hold it for Wright, in order to defeat plaintiff's mortgage. The counsel for plaintiff rely upon the following facts, which, they insist, are shown by the evidence, to support their position that the transaction between Wright and Butler is fraudulent as to plaintiff, and the tax deed is, therefore, void:

" 1. Wright was insolvent, and was indebted at the time for a part of the purchase-money of this very property five hundred dollars, and Butler knew these facts.

" 2. The property was worth $900, and it was sold to Butler for $81, taxes, a pair of stoga boots, and fifteen or twenty dollars worth of coal. Inadequacy of price is a strong badge of fraud.

" 3. Wright and Butler were friends, had stood in the re-

lation of employer and employe, were occupying the same room in business, at the very time the tax title was acquired by Butler.

"4. Wright was active in procuring the assignment to Butler, and represented to Smith that he was buying for himself.

"5. No change of possession has taken place, and no agreement as to rent has ever been made, and no rent has ever been paid; another strong badge of fraud."

We will briefly notice the position, and alleged facts here set out. Other points of the case need not be considered, for the reason that counsel rely upon the foregoing for the reversal of the dercee of the court below:

1. The insolvency of Wright, and Butler's knowledge thereof, is no ground for holding the purchase of the tax sale certificate by Butler fraudulent. On the other hand, it is an explanation of the action of Wright in permitting his property to be lost by the tax title. If he were not insolvent, there possibly might arise a suspicion of the honesty of the parties in the transaction.

2. Butler paid eighty-one dollars for the certificate. The other consideration named was for the quitclaim deed. The title passed by the tax deed. The payment made by Butler for the quitclaim deed is surely no badge of fraud. It cannot be claimed that this consideration was an inadequate price for a quitclaim, after the title of the grantor had been divested. Butler paid the amount required to redeem from the tax sale. There was no inadequacy of price in that transaction.

3. The friendship of Wright and Butler is no ground to presume fraud. It is a reason why Wright would prefer that Butler acquire the title under the tax sale, rather than another.

4. Wright's activity in procuring the assignment to Butler may be admitted. The reason of it may be readily seen in the friendship of the parties. It is no badge of fraud.

5. Wright occupies the property as a tenant of Butler,

and has transferred an interest in a patent for an ice scale in consideration of the rent.

It may be further remarked that both Wright and Butler positively deny, in their evidence, that Wright retains any interest in the property under agreement between them, and they testify that all the transactions were in good faith, and without any fraudulent intention.

We think the decree of the Circuit Court is supported by the testimony. It is, therefore,

AFFIRMED.